UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/8/2021
```

CHRISTOPHER A. HENRY,

                    Plaintiff,

  -against-

GREGORY WECHE,

                    Defendant.

No. 17-cv-5683 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Christopher A. Henry ("Plaintiff"), proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 on July 26, 2017, alleging violations of his constitutional rights by Defendant Gregory Weche ("Defendant"). (ECF No. 1.) On February 4, 2020, the Court issued an Order to Show Cause directing Plaintiff to show cause in writing on or before March 2, 2020, why this action should not be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 13.) As explained in the Order to Show Cause, Plaintiff failed to take any steps to prosecute the action since May 29, 2018. On March 13, 2020, after Plaintiff failed to respond to the Order to Show Cause Over for one year later, the Court dismissed Plaintiff's claims and terminated the action. (ECF No. 14.) Presently before the Court is Plaintiff's motion for reconsideration, filed on September 2, 2021, in which Plaintiff asserts that his neglect in prosecuting the case is excusable because he did not receive mail from the Court after getting arrested and failing to apprise the Court of his change in address. (ECF No. 15.) For the following reasons, Plaintiff's motion is DENIED.

**LEGAL STANDARD**

      Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Rule is supposed to strike a balance "between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d. Cir. 1986). As the Second Circuit has cautioned Rule 60(b) provides "extraordinary judicial relief" to be granted "only upon a showing of exceptional circumstances." *Id.* at 61. Courts have intentionally set a high bar: the evidence a party needs to vacate a judgement must be "'highly convincing.'" *Dugan v. U.S.*, 2015 WL 5244341 (E.D.N.Y. Sept. 8, 2015) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d. 6, 9 (2d. Cir. 1987) (citations omitted)). The Rule may not be used as a substitute for a timely appeal. *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d. Cir. 1967) ("But Rule 60(b)(6) is not a carte blanche to cast adrift from fixed moorings and time limitations guided only by the necessarily variant consciences of different judges.") (citations omitted). Finally, Fed. R. Civ. P. 60(3)(c)(l) plainly states: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Local Civil Rule 6.3 allows reconsideration or reargument of a court's order in certain limited circumstances. The standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an

opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)).

## DISCUSSION

Based on the arguments made in the moving papers, the Court understands that Plaintiff is seeking relief under either of Fed. R. Civ. P. 60(b)(1) or Local Civil Rule 6.3. Regardless, his motion is not timely under either rule.

Pursuant to Fed. R. Civ. P. 60(c)(1), a motion under Rule 60(b)(1) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Under Local Civil Rule 6.3, "a notice of motion for reconsideration . . . of a court order . . . shall be served . . . in the case of a court order resulting in a judgment, within fourteen (14) days after entry of the judgment." Here, the Court issued the Order of Dismissal on March 13, 2020. (ECF No. 14.) Plaintiff sought reconsideration on September 2, 2021 – *i.e.*, 18 months after the entry of the disputed Order. (ECF No. 15.)

In any event, Plaintiff's ostensible basis for failing to prosecute his claims or maintain correspondence with the Court between May 29, 2018 and September 2, 2021 is not persuasive to the Court. Plaintiff argues that he failed to diligently prosecute this case because he did not receive communications from the Court due to his change in address resulting from his arrest and subsequent incarceration in or around July 17, 2018 and asserts that this was something "the court overlooked." (ECF No. 15 at 4-5.) However, it was Plaintiff's obligation (not the Courts) to apprise the Court of any updates to his change in address. The Court entered an order informing Plaintiff that it was his "responsibility [to] notify the Court in writing if [his] address change[d]" and warning him that "the Court may dismiss the action if Plaintiff fails to [update the Court of any change in address]." (ECF No. 6.) Despite these express warnings, Plaintiff failed to update his address and subsequently placed this matter in a holding pattern for over three years.

Plaintiff further argues that his failure to update the Court regarding his change in address was excusable because he was unable to access writing instruments while incarcerated due to a behavior plan put into place to prevent him from engaging in self-harm or violent acts to others. (ECF No. 18.) Plaintiff's own filings in this Court, and others, demonstrate that this argument is without merit. *First*, the Behavior Plan that he has attached does not indicate that he was restricted from accessing writing instruments and only contains restrictions on Plaintiff's access to utensils during his consumption of meals, and Plaintiff's attached arrest record indicates that he was represented by a criminal defense attorney during 2019. (ECF No. 18 at 5.) *Second*, Plaintiff is an experienced pro se litigant and actively communicated with other courts during the very period he claims he was unable to access writing instruments, including to update those courts about his change of address. *See, e.g.*, *Henry v. Plaza, et al.*, 7:17-cv-02324-VB (ECF No. 32 (reflecting a letter from Plaintiff advising the court of his change of address after his incarceration in August

4

2018)); *Henry v. Davis, et al.*, 1:11-cv-01273-PAE-SLC (ECF No. 152 (requesting a stay of his case during his incarceration on January 12, 2019)).

Accordingly, Plaintiff's motion for reconsideration is DENIED as untimely.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.  The Clerk of the Court is kindly directed to terminate the Motion at ECF No. 15 and to send a copy of this Opinion to pro se Plaintiff at his address listed on ECF and to show proof of service on the docket.

Dated:    October 8, 2021                                    SO ORDERED:
          White Plains, New York

                                                             _____
                                                             NELSON S. ROMÁN
                                                             United States District Judge